IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY PEACE, | * |
| Plaintiff, | * |
| vs. | *   No. 4:09CV00966 SWW |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., ET AL., | * |
| Defendants. | * |

**Memorandum Opinion and Order**

Kimberly Peace ("Peace"), proceeding *pro se*, commenced this action in state court.[1] Defendants Mortgage Electronic Registration System, Inc. ("MERS"), BAC Home Loan Servicing, LP ("BAC"), and ReconTtrust Company, N.A. ("ReconTrust") removed the case, asserting that the Court has federal question and diversity jurisdiction.[2] Plaintiff filed an amended complaint on April 16, 2010. Defendants filed a motion to dismiss to which plaintiff responded. For the reasons stated below, the Court finds the motion should be granted.

**Background**

Peace filed this action in an attempt to stop a non-judicial foreclosure sale. Attached to her amended complaint are copies of a promissory note and mortgage signed by Peace on June 26, 2006. The promissory note provides that in return for a loan received from American Home Mortgage ("AHM"), Peace will pay the principal sum of $56,000.00. The mortgage names Defendant MERS

---

[1] Lawrence Peace, Jr. was named as a separate plaintiff in the original complaint. In the amended complaint, Kimberly Peace is the sole plaintiff.

[2] In the original complaint, American Home Mortgage was a named defendant, and it consented to removal. Plaintiff did not name American Home Mortgage as a defendant in her Amended Complaint.

as mortgagee, solely as the nominee for AHM, and grants MERS and its successors and assigns the power to sell the property located at 2311 W. 17th Street, Little Rock, Arkansas.  Am. Compl., Exs. 1 & 2.

Paragraph 20 of the Mortgage provides for the sale of the Promissory Note or a partial interest in the Promissory Note, together with the mortgage:

> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Ex. 2.

Documents Peace attached to the amended complaint show that on October 8, 2009, MERS assigned the mortgage to Defendant BAC, and the same day, BAC filed a limited power of attorney in state court, appointing Defendant ReconTrust to act for BAC in exercising its right to initiate a non-judicial, statutory foreclosure sale of the mortgaged property.  ReconTrust then filed a notice of default and intention to sell, giving notice that the mortgaged property would be sold in a non-judicial sale on December 16, 2009.

Also attached to the amended complaint is a letter dated July 23, 2009, addressed to Countrywide Home Loans ("Countrywide"), Proland Title, AHM, and separate defendants MERS, and BAC, and signed by Peace.  The letter concerns the mortgage and is entitled "**QUALIFIED**

**WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT & VALIDATION OF DEBT LETTER, FOIA REQUEST, SIGNATURE REVOCATION, and AFFIDAVIT.**" Am. Compl., Ex. 3.  Peace inquires about the accounting and servicing of the mortgage, and states it has come to her attention that "your company may have been accused of engaging in one or more predatory servicing or lending and servicing schemes." *Id.*  She demands "absolute first hand evidence from you of the original blue ink signature of the note to verify holder in due course . . ." *Id.*  The letter further states that unless the recipient of the letter provides her with the aforementioned evidence, "it will be positive confirmation . . . that you never really created and owned my note." *Id.*  She requested copies of all pertinent information regarding the loan and posed twenty questions regarding late fees and charges. *Id.*

BAC responded to Peace's letter on October 1, 2009, providing copies of various documents and attempting to answer some of her questions.  BAC stated the owner of the note is FNMA (Fannie Mae) and that BAC has serviced the loan since July 13, 2006.  It referred any questions regarding fees to separate defendant ReconTrust.  Am. Compl., Ex. 4.  Peace sent a certified letter dated October 13, 2009, to ReconTrust, requesting "Validation of Debt/Qualified Written Request (accounting records)."  The letter states it "is NOT a request for 'verification' or proof of my mailing address or computer-generated print out of alleged debt, but a request for **full disclosure VALIDATION with all questions answered or performed under notary seal, with accounting records** . . ."  Along with the letter, Peace submitted a list of 75 questions, and stated that ReconTrust's failure to answer the questions and return the requested information constitutes ReconTrust's agreement that it "has no verifiable, lawful, bona fide claim" in the account." *Id.*, Ex. 8.

**Discussion**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[3] defendants move for dismissal of all claims against them. In response, Peace states her cause of action under 15 U.S.C. § 1692f(6) is only against ReconTrust, and that the assignment of the mortgage from MERS to BAC has no legal effect because MERS is "not on the note and is not an agent for the note holder."

The Fair Debt Collection Act prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. It specifically prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). It also prohibits "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if ... there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A).

Peace alleges ReconTrust violated § 1692f(6)(A) by "threatening to take non-judicial action to enforce a security interest" when "Recontrust (sic) has no right to do this because MERs (sic) does not own the note and MERs (sic) is not the agent of the holder." *See* Am. Compl. at ¶¶ 30 &

---

[3]In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Although the Court must hold a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers, *see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)(Per curiam), a *pro se* plaintiff still must assert facts sufficient to state a claim for relief.

In determining whether Peace states a claim against defendants, the Court must determine whether she has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554 (2007)(citations omitted). A complaint cannot simply "[l]eave open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561(citations omitted). Rather, the facts in the complaint must be sufficient to "nudge[] [the] claims across the line from conceivable to plausible." *Id.* at 570.

31. According to the documents filed with her complaint, BAC was the holder of the note and mortgage, and ReconTrust was acting as agent of BAC and not on behalf of MERS. *See* Exs. 5, 6, & 7.

Peace next seems to allege that ReconTrust initiated a non-judicial foreclosure proceeding on its own behalf, stating that ReconTrust " is not registered with the Arkansas Secretary of State and cannot engage in Arkansas Foreclosure." *See* Am. Comp. at ¶ 32. The documents attached to her complaint show ReconTrust initiated non-judicial foreclosure proceedings on behalf of the note and mortgage holder BAC. Peace also alleges ReconTrust violated § 1692f(6)(A) by continuing collection activity on the property" after it was sent "a validation of debt dispute." Am. Compl. at ¶ 33. Section 1692f does not prohibit a creditor's agent from continuing collection activity after being sent a "validation of debt dispute." The Court finds Peace fails to state a plausible claim for relief under § 1692f(6)(A).

The Court further finds Peace's "Complaint for Accounting" should be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6). An accounting is an extraordinary remedy usually available only when legal remedies are inadequate, and usually only when the information sought could not be obtained in discovery. *Border State Bank, N.A. v. AgCountry Farm Credit Servs.*, 535 F.3d 779, 785-86 (8th Cir. 2008). An accounting is essentially an equitable remedy, the right to which arises generally from the defendant's possession of money or property which, because of some particular relationship between himself and the plaintiff, the defendant is obliged to surrender. *American Air Filter Co. v. McNichol*, 527 F.2d 1297, 1301 (3rd Cir. 1975). Here, Peace admits she is in possession of money or property owed to one or more of the defendants. *See* Am. Compl. at

¶ 39.  In light of the documents attached to her complaint, any allegation that Peace needs an accounting to determine to whom she owes money is implausible.

**Conclusion**

The Court finds Peace fails to state a claim upon which relief may be granted for violation of 15 U.S.C. § 1692f(6)(A) or for an accounting.  Therefore, defendants motion to dismiss [docket entry 23] is hereby granted.

DATED this 11th day of June, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE